GENIN, EX'OR, *et al. v.* INGERSOLL *et ux.*

Decided November 17, 1877.

| 11 | 549 |
|----|-----|
| 39 | 621 |
| 11 | 549 |
| 45 | 39 |
| 11 | 549 |
| 47 | 146 |
| 11 | 549 |
| 52 | 272 |

1877.
Special Term.

| 11 | 549 |
|----|-----|
| 55 | 329 |
| 11 | 549 |
| 61 | 285 |

1. G. sold to I. several tracts of land for $14,000.00, I. executed to G. seven single bills for $2,000.00 each, the first payable on the 2d day of February, 1855, and the others 1856-7-8-9-60-61, respectively, with interest payable annually on all except the first, and executed a mortgage, in which his wife joined, to secure the payment of said single bills, in which he says the price of the land was $14,000.00 and "the whole of which is to be paid to said Thomas H. Genin as follows: in seven equal annual installments of $2,000.00 each, one of which installments is to be paid on the 2d day of February in each of the seven years next following the date hereof, with interest on said purchase money from the 2d day of February 1854, at the rate of six per centum per annum, payable annually— that is to say, on the 2d day of February in each of the next seven years the interest on all the principal then unpaid is to be paid," &c. In a suit to foreclose the mortgage, the cause is referred to a commissioner, and the commissioner in making up his statement charges interest upon interest, and the court confirms the report thus made. HELD:

I. That interest upon interest was not allowable, there being no agreement that after interest was due, interest should be charged thereon.

II. In general, where neither the debtor nor the creditor makes an application of the payments, where there are several debts existing from the same debtor to the same creditor, the payments will first be applied to the discharge of the oldest debt, and so on until all are paid, paying interest first; in this cause, under the terms of the mortgage the seven notes therein secured must be re garded as one debt on which the interest was payable annually, and the payments made should first have been applied to the payment of the interest due on the whole debt, then to the discharge of the notes in their order.

1877.
Special Term.

Genin, ex'or,
et al.
v.
Ingersoll et ux.

Appeal from, and *supersedeas* to, a decree of the circuit court of Marshall county, rendered on the 3d day of April 1876, in a cause in chancery, then pending in said court, wherein John N. Genin, executor of Thomas H. Genin, deceased, was plaintiff, and Josiah Ingersoll and Matilda C., his wife, were defendants, granted upon the petition of said defendant, Josiah Ingersoll.

Hon. T. Melvin, Judge of the first judicial circuit, rendered the decree complained of.

*Daniel Lamb* and *Hanson Criswell* for appellant.

*J. L. Parkinson* and *J. Dallas Ewing* for appellee.

JOHNSON, JUDGE, states the case as follows:

On the 2d day of February 1854, Josiah · Ingersoll and Matilda, his wife, executed to Thomas H. Genin, a mortgage on certain lands therein mentioned, to secure the purchase money thereon. In said mortgage is the following clause: "The said Josiah Ingersoll has purchased the above granted land from said Thomas H. Genin and Florian Genin, at the price of fourteen thousand dollars ($14,000.00), the whole of which is to be paid to the said Thomas H. Genin, as follows; in seven equal annual installments of two thousand dollars ($2,000.00); each one of which installments is to be paid on the 2d day of February in each of the seven years, next following the date hereof, with interest on said purchase money, from the 2d day of February 1854, at the rate of six per cent per annum, *payable annually*—that is to say, on the 2d day of February in each of the next seven years, the interest on all the principal then unpaid, is to be paid (for which installment and interest the said Josiah has given his seven sealed notes to said Thomas H. Genin), all which purchase money and interest, the said Josiah hereby promises and binds himself, his heirs, &c., to pay to the said Thomas H. Genin, or his assigns, at the respective times aforesaid. Now therefore the

1877.
Special Term.

Genin, ex'or,
*et al.*
v.
Ingersoll *et ux.*

condition of this deed is such, that if the said Josiah, his legal representatives or assigns, shall punctually pay to the said Thomas H. Genin, or his assigns, the said several installments of principal and interest, when the same shall respectively fall due, and payable as aforesaid, so that no default be made in payment of any of them in whole or part, then this deed shall be void, &c." The following copy of the second note shows the character of all of them:

$2.000.00    MARSHALL COUNTY, VA., Feb. 2, 1854.

On or before the 2d day of February 1856, I promise and bind myself, my heirs, &c., to pay to Thomas H. Genin, or his assigns, two thousand dollars, with interest thereon from the 2d day of February 1854, payable annually, being the second installment of the purchase money for the land this day conveyed by quit claim deed to me by said Genin and son. Witness my hand and seal.

" JOSIAH INGERSOLL. [Seal]."

On the back of this note is the following receipt:

" The within has been paid off at several times, for which items of payment he, the drawer, holds my receipt, to-wit:

"On Feb 19, 1856, ..............................................................$1300 00
    "April 22,  "   ............................................................. 500 00
    "Dec. 29,  "   ............................................................. 200 00
    "April  3, 1857,........................................................... 500 00
    "June 30,  "   ............................................................. 300 00
                                                            "T. H. GENIN."

Some of the other receipts for purchase money, both by Thomas H. Genin and John N. Genin, executor of the last will of said Thomas, appear in the record, none of which shows an application of the purchase money paid, nor is there any thing in the record to show, that Ingersoll, the debtor, ever directed how any of it should be applied. He paid from time to time, as appears by the report of the commissioner, amounts which in the aggregate amounted to between $17,000.00 and $18,000.00. At June rules 1873, John N. Genin, executor and residua-

ry legatee of Thomas H. Genin, filed his bill in the circuit court of Marshall county, charging that the moneys mentioned in the mortgage, and the interest thereon had not been paid, or any part thereof, and prayed that the mortgage might be foreclosed. To this bill Ingersoll and wife were made defendants. Affidavit having been filed that Matilda Ingersoll was a non-resident of the State, an order of publication issued as to her; but it does not appear by the record or by any decree of the court that it was executed : and she does not appear in the case. The defendant, Josiah Ingersoll, answered the bill, in which answer he set up his payments, claiming that on the five remaining notes, after paying off the first two, he had paid $10,000.00 of principal, and $7,823.50 of interest, and that he had overpaid the debt; and prays that an account might be taken of the several payments made on said mortgage debt, and that the balance, if any there might be, due the defendant on that account might be ascertained, &c. On the 3rd of October 1874 an order by consent was made referring the cause to a commissioner, " to take and state an account of the balance, if any, remaining due on the mortgage debt mentioned in the bill, and what parcels of land remain subject thereto, and in what order the said parcels are respectively chargeable therewith, and of the amount, if any, which may be due to the defendant, Ingersoll, on account of over-pay, if made by him, on said debt."

The commissioner filed his report, containing two statements:

Number one, was made on the basis of applying the payments as they were made, first, to the discharge of the interest on the whole debt included in the five remaining notes—two of the seven having been considered paid, and delivered up to Ingersoll—and then to the discharge of the principal. This statement, at the time the report was made up, showed that Ingersoll was indebted to the plaintiff $858.37.

Statement number two, charges interest upon interest,

after the same became due and remained unpaid, and found the said Ingersoll indebted to the plaintiff in the sum of $2,093.42.

The defendant excepted to the within report of commissioner Morris for this:

1st. That the commissioner proceeded upon the assumption, that the payments made by defendant on account of the first two notes, and credited thereon, only paid off and discharged said two notes, with interest on the principal sum, when the notes were taken up, when, in fact, the payments will show, even upon the principle adopted by the commissioner, that they were overpaid $183.33$\frac{1}{3}$, after paying the annual interest on the whole of the principal.

2d. The commissioner did not consider that the payments made by Ingersoll prior to the taking up the first note, were the only payments appropriated by Genin in discharge of the annual interest on the principal sum, as appears from his indorsement on the back of said note.

3d. The commissioner should have commenced his account with the first note, and ascertained whether the payments made by Ingersoll on account of the same, including the interest on the principal sum, paid or overpaid the same—the defendant showing that the same was overpaid $183.33$\frac{1}{3}$, for which the commissioner gives him no credit; and the commissioner should, in like manner, have ascertained whether the payments made by Ingersoll, on account of the second note, and interest on principal sum, paid or overpaid the same—the defendant showing by his said payments that the same was overpaid $80.00, for which the commissioner gave him no credit.

4th. The commissioner erred in stating in his said report that there was due said Genin $10,000.00 as of February 2, 1857, when, in fact, only $2,000.00 was due at that time, and a similar amount falling due each year until 1861. The commissioner should have taken up each note in its order, and applied the payments to the

1877.
Special Term.

Genin, ex'or,
et al.
v.
Ingersoll et ux.
discharge of the interest on the same first, and then to the principal, until the first note was paid; and so on in like manner with each note in its regular order until all were paid, so as to avoid the compounding of interest.

On the 3d day of April 1876 the court in its decree overruled the exceptions to the commissioner's report, and confirmed the same in general terms, without saying which statement of the commissioner it adopted; but the court did, in fact, adopt statement number two, as it decreed that the amount of money found due therein, to-wit: $2,093.42, should be within thirty days by the defendant paid to the plaintiff; and if not so paid, the the said mortgage should be foreclosed; and appointed the sheriff of Marshall county to sell sufficient of the land to pay the same, &c.

From and to this decree, an appeal and *supersedeas* were allowed.

Opinion of the Court delivered by JOHNSON, JUDGE:

It is claimed by appellees, that if there was any error in the court, as to the amount of purchase money due, as found by the decree, based upon the commissioner's report, that such error under sections 5 and 6 of chapter 134 of the Code should be corrected: and that until such motion to correct was made in the court below, and overruled, no appeal would lie. Section 5 of chapter 134 of the Code applies, where there is a clerical error, but not, where there is error in judgment, or the decision is founded on an erroneous view of the law: otherwise there could be no appeal, until the court below had refused to review its decree, or had reviewed and affirmed it.

It is claimed also, that the exception was not as to the statement number two of commissioner, on which the court founded its decree, but as to statement number one; and that appellant cannot except here.

A commissioner's report, if erroneous upon its face, may be objected to on the hearing of a cause, though no exception be previously filed; and such objection may be

1877.
Special Term.

Genin, ex'or,
v.
et al.
Ingersoll et ux.

made in the appellate court, though no exception appears to have been taken in the court below: *Hyman, Moses & Co.* v. *Bradley, Kyle & Co.*, 10 W. Va.

The objection here made by the appellant would be considered, had he made no exception to the report in the court below, as all the objections urged appear upon the face of the report.

There were exceptions filed to the commissioner's report in the court below, to which the appellant will not be confined. It is clear from the commissioner's report, that interest upon interest was charged, in making his statement number two, and that the court decreed for such interest so charged; was this right?

In several cases where the payment of the principal, or a part of it, has been postponed to a more distant day than the interest, which by argeement was to be paid at certain specified times, as annually, or at the end of every year, before the principal is due, it has been held that interest is chargable on each installment of interest, and some cases have held generally, that where there is an express stipulation, that interest shall be paid at certain fixed times, as annually, or at the end of each year, even if the principal be due at or before the first install-ment, if interest is due, interest is to be charged upon the interest, from the time that it is payable. But in other states it is established as a general principle, without reference to the distinction respecting the postponement of the payment of the principal, that though there be an express agreement in a note or bond to pay interest at a specified time, as annually or semi-annually from the date, yet interest upon interest from the time when it fell due, will not be allowed; but it will be considered that the holder, by neglecting to call for his interest when it fell due, waived his right to have it converted into capital, yet it is agreed that the claim to interest on such interest is an equitable one, and a note or other security given for it after it is due, will be sus-tained and enforced as on a good and sufficient consider-

1877.
Special Term.
_____
Genin, ex'or,
et al.
v.
Ingersoll et ux.

ation: 1 Am. Lead. Cases, 650, and cases there cited. In *Gibbs* v. *Chisholm*, 2 N. & M. (S. C.), it was held, that "a bond, with a condition that the lawful interest on the whole principal sum shall be paid annually, together with one-third part of the said principal sum, at the end of each year, until the whole be paid off, is not usurous; and the obligee is entitled to interest on the aggregate amount of principal and interest of each installment, as it becomes due." In this case, two of the five judges dissented, and Johnson, Judge, in the dissenting opinion, it seems to me, gives better reasons than are given by Judge Bay, who delivered the opinion of the Court. In *Doig, adm'r* v. *Barkley & Cathcart*, 3 Rich. 125, it was held, that "where a party contracts to pay a sum of money, with interest thereon, on a given day, when the day arrives the interest becomes principal; and if the debt be not paid, the aggregate of principal and interest then due bears interest for the future." *Wright* v. *Eaves*, 10 S. C. Eq. 594; *O'Neall* v. *Sims*, 1 Strobh. 115; *Pierce* v. *Rowe*, 1 N. H. 179.

In *Mann* v. *Cross*, 9 Iowa. 327, it was held, that "when by the terms of the note, interest thereon is payable annually, the interest on the principal, after it becomes due, constitutes an indebtedness to the payee upon which interest should be computed." Other cases might be cited, but this will suffice. On the other hand, in *Connecticut* v. *Jackson*, 1 Johns. Ch. 14, Chancellor Kent said: "This allowance of compound interest is inadmissible, and the report must be sent back to the master for correction. There are cases in which interest is considered as changed into principal, and permitted to carry interest; as where a settlement of accounts takes place after interest has became due, or an agreement is then made that the interest due shall carry interest, or the principal and interest are computed in a master's report, and the same is confirmed. But except in some such special case, interest upon interest is not allowed, and the uniform course of the de-

1877.
Special Term.

Genin. ex'or,
et al.
v.
Ingersoll et ux.

cisions is against it, as being a hard and oppressive exaction, and tending to usury. Even an original agreement, at the time of the loan or contract, that if interest be not paid at the end of the year, it shall be deemed principal and carry interest, will not be recognized as valid. Such a provision would not amount to usury so as to render the contract connected with it illegal and void, but this court certainly, and perhaps a court of law, would not, give effect to such a provision." *Van Benschuten* v. *Lawson*, 6 Johns. Ch. 313. In *Hastings* v. *Wisnall*, 8 Mass. 455, the court held that " upon a note payable in a certain number of years, *with interest annually*, judgment can only be received for simple interest on the principal sum," for the reason that the plaintiff might have brought his action for the interest at the end of each year, and that by neglecting this he might be considered as waiving his claim to compound interest. *Von Hemort* v. *Porter*, 11 Metc. 210. *Ferry* v. *Ferry*, 2 Cush. 92.

In *Pindall's Ex'or. &c.* v. *Bank of Marietta*, 10 Leigh 481, Judge Cabell, in delivering the opinion of the court said: " A debtor owing a debt consisting of principal and interest, and making a partial payment, has a right to direct its application to so much of the principal in exclusion of the interest; and the creditor, if he re-receives it, is bound to apply it accordingly. And it is the general rule of law, that interest shall not bear interest. This rule of law will however yield to the agreement of the parties express or implied; if therefore a debtor in consideration of forbearance agrees with the creditor, that he will pay interest on interest *heretofore accrued*, that agreement will be enforced. So also I apprehend, if a debtor in consideration of forbearance agrees that he will on a future day pay the interest heretofore accrued, and fails to pay it on the day, a jury or a court of chancery will give interest on the amount of that interest after the expiration of the day. This however is on the ground that the contract of the parties has converted the interest into a debt."

1877.
Special Term.

Genin, ex'or,
et al.
v.
Ingersoll et ux.

In *Childers* v. *Deane* &c., 4 Rand. 408, Judge Carr said: "With respect to compound interest there has been considerable difference of opinion and of practice in the English chancery. Some of the early cases allowed it; but the general rule as settled by the later cases is, *that it shall not be allowed.* There are still some special circumstances, under which compound interest is allowed as where a settlement of accounts takes place, after interest has become due, and an agreement is *then* made, that the interest *due* shall thereafter carry interest; or the principal and interest are computed in a master's report, and the same is confirmed: for after confirmation, it is considered as a judgment. But an agreement made *at the time* of the loan, that at the end of the year interest shall become principal, will not be allowed; not that it is usury and will render the contract illegal and void; but because the chancery considers it hard and oppressive, and tending to usury.

The agreement that interest become due shall carry interest must be *prospective* only. To give it a retrospective effect, to say that interest due shall bear interest from a time previous to the agreement, is equally objectionable as an original agreement that interest when due shall become principal. Perhaps it is more mischievous, for at the original agreement, the parties are independant of each other and free to contract or not; subsequently they meet on different and unequal terms, as debtor and creditor; the one probably distressed and unable to pay, the other in a situation to take advantage of this distress, and exact oppressive stipulations." Although on this subject there is a conflict of authority, yet I do not hesitate to say, that the decisions against allowing interest upon interest, unless under the special circumstances named, are more in accordance with justice and reason, and as those principles have been approved in Virginia in the cases we have cited, they will be followed by us. In this case there is no pretence, that there was any express agreement to pay interest upon interest and

1877.
Special Term.

Genin, ex'or,
et al.
v.
Ingersoll et ux.

we therefore think the court clearly erred in confirming a commissioner's report, which under such circumstance, allowed interest upon interest.

The next question is: How should the payments have been applied? There was no direction by the debtor, at the time the payments were made, how to apply them, and no special application made by the creditors, except as to the first two notes. In general where neither the debtor nor creditor makes an application of the payment, where there are several debts existing from the same debtor to the same creditor, the payments will first be applied to the discharge of the oldest debt, and so on in their order until all are paid: *Smith* v. *Lloyd*, 11 Leigh 513; *Howard* v. *McCall*, 21 Gratt. 205; *Chapman et al.* v. *Commonwealth*, 25 Gratt. 721; *Bank of the United States* v. *Singer et al.*, 13 Ohio 240; *Hollister* v. *Davis*, 54 Pa. St. 508.

But if the contract itself specifies how the money is to be paid, that of course will control. We do not deem it necessary in this case to consider, whether according to the common law rule the seven bonds, executed by the defendant, constituted seven different contracts, or but one. As far as the application of the payments of interest are concerned in this case, that is governed by the express language of the mortgage itself, which was executed by defendant and wife to secure the payment of said seven several bonds. That language is as follows:

"But whereas, the said Josiah has purchased the above granted land from said Thomas H. Genin and Florian Genin, at the price of fourteen thousand dollars ($14,000.00), the whole of which is to be paid to said Thomas H. Genin, as follows: in seven equal annual installments of two thousand dollars ($2,000.00) each, one of which installments is to be paid on the 2d day of February in each of the seven years next following the date hereof, with interest on said purchase money from the 2d day of February 1854, at the rate of six per centum

1877.
Special Term.

Genin, ex'or,
et al.
v.
Ingersoll et ux.

per annum, payable annually—*that is to say, on the 2d day of February in each of the next seven years the interest on all the principal unpaid is to be paid,*" &c.

Here is an express agreement, that the interest on *all the purchase money* unpaid is to be paid on the 2d of February in each of the succeeding years, and each of the notes themselves say, that interest thereon is to be paid annually; then when the payments were made, it was the manifest intention of the debtor under his contract, that the interest due and unpaid should first be paid, and next the notes or single bills in their order.

It is insisted that the report of the commissioner is wrong, because it appeared from the record that the first two notes had been overpaid, and the defendant should have credit for such over-pay. I think he should have such credit, if he did pay more money on said notes than was sufficient to discharge the principal and interest. The bill claims that said notes were paid off and given up; this the answer admits, but sets out all the payments made, and asks credit for the same, which he surely ought to have.

I have not made any calculation of the interest and payments on the notes, as they appear in either of the statements in the commissioner's report. The basis adopted in statement number one seems to be right, except that he ought to have commenced at the beginning, as all the payments are set up in the answer. He ought to have started with the seven notes, amounting to $14,000.00, cast the interest thereon until the first payment, and then applied the payment to the interest due, first, and then to the discharge of the first note, and so on until all the interest and principal were paid, paying interest due first, then the notes in their order.

For the foregoing reasons, the decree of the circuit court of Marshall county, rendered in this cause on the 3d day of April 1876, is reversed, with costs to the appellant against the appellee, John W. Genin, executor and residuary legatee of Thomas H. Genin, deceased;

and this cause is remanded to the circuit court of Marshall county, with instructions to have the cause matured for hearing as to the defendant, Matilda C. Ingersoll, before anything further is done in the cause, and then to re-commit the report of the commissioner to J. D. Morris or some other commissioner, to state an account in accordance with this opinion; and further to proceed with the cause according to the principles of this opinion, and according to the principles and practice of courts of equity.

1877.
Special Term.

Genin, ex'or, *et al.* v. Ingersoll *et ux.*

The other Judges concurred.

DECREE REVERSED and cause remanded.