## CHARLESTON.

BOWMAN *v.* DULING, *et al.*

Submitted June 20, 1894.—Decided December 15, 1894.

1. INTEREST.

It is not error to decree for the payment of annual interest due on deferred instalments of purchase-money in accordance with the contract of purchase.

2. TITLE—PURCHASE-MONEY.

Where a vendee would escape the payment of purchase-money either in whole or part because of a defective title, he must show by at least a preponderance of testimony, that such defect clearly exists.

SCHILLING & STARKEY for appellants cited 30 W. Va. 335; 33 W. Va. 644; 19 W. Va. 439; 3 Cush. 135; 22 W. Va. 247; 1 Sto. Eq. § 208; 2 H. & M. 164; 26 W. Va. 454.

ARMSTRONG & BOGGESS for appellees cited 11 W. Va. 549; 58 N. Y. 437; 37 Hun 537; 1 Black 204; 4 Wall. 502.

DENT, JUDGE:

On the 15th day of September, 1892, A. Bowman instituted a chancery suit in the Circuit Court of Roane county against C. F. and John W. Duling, partners as C. F. Duling & Son, to enforce payment of the vendor's lien retained in the following deed, to wit:

"This deed, made this 25th day of July, 1891, between A. Bowman, party of the first part, and C. F. Duling and John W. Duling, doing business under the firm name of C. F. Duling & Son, parties of the second part, all of the county of Roane and state of West fifteen hundred dollars, two hundred and fifty dollars of Virginia, witnesseth, that in consideration of the sum of which is in hand paid, the receipt whereof is hereby acknowledged, and the residue to be paid as follows, to wit, two hundred and fifty dollars to be paid July 9th, 1892, two hundred and fifty dollars July 9, 1893, two hundred and

fifty dollars July 9, 1894, two hundred and fifty dollars July 9, 1895, and two hundred and fifty dollars July 9, 1896, for which said deferred installments of purchase-money the said parties of the second part have executed their notes of even date herewith, bearing interest from the 9th day of July, 1891, until payment, said interest to be paid annually, the said party of the first part doth grant and convey unto the said party of the second part the following real estate, situate in the town of Spencer, county of Roane and state of West Virginia, and bounded and described as follows, to wit : Beginning at a stake on Market street, corner to C. C. Riddles and others ; thence N., 31 E. twenty poles and twenty two links, to a stake at Spring creek ; thence with Spring creek N. 47 W., twenty four poles to Tanner's run, and bounding thereon S., 24½ W., eight poles, S., 17 W., five poles, S., 51 W., nine poles, to a stake (elder not found) ; thence S., 48 E., fourteen poles and twenty links to a stake ; S., 42 W., one pole ; thence S., 60 E., ten poles, to the place of beginning—containing three acres and fifteen poles, be the same more or less. The said party of the first part hereby excepts from this conveyance the right of way sixty feet wide heretofore conveyed to the R. S. & G. Railway Company by deed recorded in Deed Book No. 19, page 320 & 1 of Roane County Court Clerk's office. A vendor's lien is expressly retained herein to secure the payments of the deferred installments of purchase-money and interest which shall accrue thereon, and the party of the first part covenants to warrant generally the property hereby conveyed.

"Witness the following signature and seal :

"A. Bowman. [Seal.]"

Such proceedings were had in the suit, that on the 31st day of March, 1892, the court entered a decree in favor of the plaintiff for the sum of three hundred and thirty four dollars and fifty eight cents, being for the amount of the note then due, and the annual interest on the payments not yet due, and ordered a sale of the property. From this decree the defendants appeal, and assign as errors (1) that the amount decreed for included the annual interest due and unpaid on the deferred instalments of purchase-money not yet due ; (2) that the court failed to cancel the

contract or allow defendants any deduction or damages on account of the alleged defects in the title to the property.

The interest question is plainly settled by the case of *Genin* v. *Ingersoll*, 11 W. Va. 549. The interest being due and unpaid by the terms of the contract, the plaintiff had a right to sue for and have it decreed to him; and the language of the deed, to wit: "A vendor's lien is expressly retained herein to secure the payments of the deferred instalments of purchase-money and interest which shall accrue thereon," is broad enough to include all interest due.

The defects alleged by the defendants in the title to the property are three in number, to wit: (1) That the town of Spencer claims a strip off one side of the lot; (2) that William Woodyard claims and is possessed of a strip off another side; (3) that the land belonging to Alexander West, Jr., laps on another side. It is the well-settled law of this state that if the vendee would escape payment of the purchase-money in whole or in part, he must show that the title is clearly defective. *Heavner* v. *Morgan*, 30 W. Va. 335 (4 S. E. Rep. 406); *Smith* v. *Parsons*, 33 W. Va. 644 (11 S. E. Rep. 68). This the defendant has failed to do.

1. As to the claim of the town of Spencer the evidence shows, that the plaintiff had maintained a fence on the line between himself and the street for upward of ten years. If there is or was a dispute about this line, which is not at all clear by the evidence, ten years' peaceable and adverse possession would bar the rights of the town. *Teass* v. *City of St. Albans*, 38 W. Va. 1 (17 S. E. Rep. 400).

2. As to the William Woodyard claim the evidence clearly shows, that the plaintiff only sold to a fence, that had been maintained by himself and said Woodyard as the dividing line for upward of thirty years, and that the plaintiff made no pretence to sell the defendants any land on the Woodyard side of said line. On this question the evidence undoubtedly preponderates in favor of plaintiff.

3. Finally, the West claim. The plaintiff originally purchased to the bank of Spring creek, the title to which was at the time in Alexander West, Jr. For years no person has claimed title to the bed of Spring creek or paid taxes thereon. The plaintiff many years ago, to protect

the bank from being washed away, planted willows along it, which had caused an. accumulation of soil of several feet in width, and forced the bank further away from plaintiff's line. He thereupon took possession of this strip up to the creek, and sold it to the defendants, and they had been in the undisputed and peaceable enjoyment of the same ever since. The evidence shows that if Alexander West Jr. ever had title to the bed of Spring creek, he had long since abandoned it, and it became forfeited to the state. The bed of the creek thus being in the public, the alluvium caused by accretion would naturally accrue to the benefit of the adjacent land owner. He having bought to the bank of the creek, if not entitled to go to the center, as is usually the case, is entitled to follow the bank up if it is changed by gradual and imperceptible accretion; otherwise, he might be cut off from use of its waters. If the creek is under private ownership and control, a different rule might apply, as the owner would have the right to fence the waters against the use of abutting property. In this case private ownership is not shown. 1 Am. & Eng.- Ency. Law, 136; 2 Am. & Eng. Ency. Law, 504.

It is plain from what has been said, that the defendants have failed to present such a case, as would entitle them to resist payment of the purchase-money in whole or in part, and therefore the decree of the Circuit Court was right and is affirmed.