The proposition involved in the case at bar has little likeness to a money tender, or a tender of goods, and cases like Newman v. Levi, 74 W. Va. 223, much relied on by counsel for plaintiffs, and cases of that class, also cited, have little application. The proposition made by defendants in their answer was far from an admission that plaintiffs of right were entitled to such relief; they had previously denied every material allegation of the bill relied on as the basis of any relief. A tender of money into court is a confession that plaintiff is entitled to judgment for the sum tendered, and of all the facts to be proven to entitle him to judgment. Not so in a suit in equity in which all such facts are specifically denied, and there is a mere offer, regardless of the facts, to settle the controversy on a certain basis.

For the reasons aforesaid we are of opinion to reverse the decree and remand the cause for further proceedings to be had in accord with the principles herein enunciated and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*

---

# CHARLESTON.

Gɪsᴛ et al. v. Tʜᴇ Vɪʀɢɪɴɪᴀɴ Rᴀɪʟᴡᴀʏ Cᴏᴍᴘᴀɴʏ et als.

Submitted October 10, 1916.    Decided October 31, 1916.

1. Mᴇᴄʜᴀɴɪᴄs' Lɪᴇɴs—*Enforcement—Parties.*

   A principal contractor is a proper and necessary party to the suit of a sub-contractor to enforce against the owner his mechanic's or material man's lien, in order that he may be given the right, and perform his duty to the owner to dispute the correctness of the sub-contractor's account, if the same be incorrect, and that the decree may be binding and conclusive upon all parties concerned in the subsequent adjustment of their rights under the contract, and if desired that plaintiff may have a personal decree against the principal contractor.    (p. 170).

2. Sᴀᴍᴇ—*Enforcement—Answer—Affirmative Relief.*

   But being made defendant in such suit will not entitle such principal contractor, who has filed no lien against the property of

the owner, to maintain against the other parties to the suit a cross-bill, or an answer in the nature of a cross-bill, for an accounting with the owner, and another sub-contractor, who has filed no such lien, and the demurrer of the owner thereto, in so far as such cross-bill or answer seeks affirmative relief, is properly sustained. (p. 171).

3.   EQUITY—*Pleading—Cross-Answer.*

The matter of a cross-answer, authorized by section 35, chapter 125, Code 1913, should be treated in the same manner and given the same effect, as if alleged in a cross bill. Such matter must be germane to and confined to the matters of the original bill, and cannot introduce any new and independent controversy not embraced in the original bill; nor a controversy between co-defendants not necessary to a complete decree upon the original bill. (p. 172).

4.   MECHANICS' LIENS—*Enforcement—Pleading—Demurrer.*

A mechanic's lien containing a number of items filed against the property of the owner constitutes but a single cause of action, and specific items therein, objected to, among many others not controverted, are not properly reached by a general demurrer specifically pointing out such controverted items. Objection to such specified items should properly be disposed of upon final hearing upon the merits of the cause. (p. 173).

5.   SAME—*Enforcement—Questions for Jury.*

In a suit to enforce such lien against the property of the owner the court cannot say as matter of law that the following items in the account filed by contractor or sub-contractor, do not cover labor and material, for which a lien is given by the statute upon the owner's property, namely: "Extra work, ordered by engrs—bills 1-2, 1, 581.12; Extra work, hauling east of Elmore, 5,209.00; Extra work, on slide Vaughan Shovel, 1,847.68; Extra work, old coal tipple, 3,232.04; Extra work, resloping and refinishing 3,429.87." (p. 173).

6.   SAME—*Reference—Allegations of Pleading.*

When the answer to the bill fully denies all the material facts alleged as the basis for such lien, it is reversible error for the court to decree a reference to a commissioner to enable plaintiff to make out his case. (p. 174).

Appeal from Circuit Court, Wyoming County.

Suit by George W. Gist and others, partners, against the Virginian Railway Company and others. From a decree for plaintiffs, defendant Vaughan Construction Company appeals.

*Reversed and remanded.*

*R. L. Jordan, A. G. Fox,* and *Sanders & Crockett,* for appellant Construction Co.

*Brown, Jackson & Knight* and *G. A. Wingfield,* for defendant Railway Co.

*Holt, Duncan & Holt,* for appellees.

MILLER, JUDGE:

Plaintiffs, a co-partnership, sub-contractors, filed their bill in the court below against The Virginian Railway Company, owner, The Vaughan Construction Company, of Virginia, principal contractor, and The Vaughan Construction Company, of West Virginia, also a sub-contractor, to enforce against the railway company's property, or that portion thereof covered by their contract, their lien for the work and labor performed and machinery and supplies furnished, in the construction, including grading, of a second track, and for additional tracks in the yard of said railway company at Elmore, and for all work done for said company, between Mullens and Bud on the main line, and between Mullens and Tams on the Winding Gulf branch of said railway company. pursuant to their sub-contract with The Vaughan Construction Company, of Virginia, principal contractor.

The decree below sustained the railway company's general and special demurrer going to certain specified items in the plaintiffs' account filed, overruled it as to others, and also sustained its demurrer to the answer and cross-bill of The Vaughan Construction Company, of Virginia, principal contractor, "in so far as the same is a cross-bill against the said Virginian Railway Company", and dismissed the same, and plaintiffs replied generally to the answers of the railway company and The Vaughan Construction Company, of Virginia. And as to The Vaughan Construction Company, of West Virginia, against which no relief was sought, the bill was taken for confessed.

The Vaughan Construction Company, of Virginia, principal contractor, filed no lien, but by its cross-answer making all other parties to the suit defendants thereto, it sought a general accounting with the railway company, for all the

material, supplies and machinery furnished, and for all work and labor done by the sub-contractors, Gist Brothers Company and The Vaughan Construction Company, of West Virginia, and for a decree for any balance that might be found due to it under its contract, predicating its right to such cross-relief, (1) upon the theory that its contract with the railway company, though sub-let to the two sub-contractors pursuant to specific provisions of the contract, and approved by the railway company, was an entirety, and not severable, and that the main controversy was what was owing by the railway company and to whom payable; (2) that the matters in controversy, depending on the principal contract and the sub-contracts, are so interwoven or involved that they can be properly settled and adjudicated only in one suit; (3) that if these matters cannot be settled in this suit appellant would be driven to a separate and independent action against the railway company for the recovery of the amount due to it as principal contractor. And it is suggested in appellant's answer and cross-answer that the character of the work contemplated by the principal contract was arbitrarily changed by the railway company, that the quantities were reduced, lines changed, yardage decreased, and other proposed work eliminated, contrary to the true intent and meaning of the contract, leaving only the more expensive work to be done and performed, and the estimates of the said work allowed by the railway company for the work done by The Vaughan Construction Company, of West Virginia, were inadequate and that appellant is entitled to a correct accounting therefor; and furthermore that if the account filed by plaintiffs be correct, and they are entitled to recover against appellant, then appellant would be entitled to recover against the railway company a proportionate amount based on the difference between the price stipulated in its contract with the railway company and the price at which said work was to be done by the sub-contractor, and in addition to the amount which the railway company admits in its answer it still owes appellant under its contract, wherefore the controversy is indivisible and full relief should be granted in the one suit.

The single question presented by appellant's appeal is,

therefore, did the court err in sustaining the railway company's demurrer to its answer treated as a cross-bill and dismissing the same? Our conclusion is that the court did not so err. We have held recently in two cases that the principal contractor, as well as the owner, is a proper and necessary party to a suit by a sub-contractor to enforce his lien against the property of the owner. *Augir* v. *Warder,* 68 W. Va. 752; *Huntington Plumbing & Supply Co.* v. *McGuffin,* 75 W. Va. 78. But this rule of practice is based upon the theory that the principal contractor should have a right to dispute the account and that his duty to the owner requires him to do so if the account is incorrect. Boisot on Mech. Liens, section 533; Phillips on Mech. Liens, section 397, cited in Augir Case. And we may add as another reason for the rule, that the decree may bind all parties in any subsequent adjustment of their rights under the contract. Boisot on Mech. Liens, section 670. And while it may not be necessary in such suit that there should be a personal judgment against the principal contractor, Boisot on Mech. Liens, section 651, nevertheless our statute, section 12, chapter 75, Code 1913, Barnes' Code, page 966, gives the lienor right to take a personal decree against the party liable for the debt.

The question then recurs, had appellant the right to maintain its cross-bill answer upon any of its theories respecting the nature of its contract with the railway company and the sub-contractors? We answer, as before, that we do not think so. The only subject matter of plaintiffs' suit was the amount of their lien for the labor, material, machinery, etc., furnished by them, and whether or not they had complied with the provisions of the statute, so as to perfect and preserve that lien. Their contract was in no way involved in the sub-contract of The Vaughan Construction Company, of West Virginia, the other sub-contractor; the work done under the one was in no way overlapped by the work of the other. Nor did their right to recover from the principal contractor, or to fix or enforce their lien on that part of the railway company's property covered by their contract, depend upon the performance of the contract of the other sub-contractor. These sub-contracts were let, the one independently of the other,

and were approved by the railway company under the principal contract, as separate and independent contracts, so that neither in the interests of the railway company, nor of the principal contractor, was it necessary to implead or involve the other sub-contractor in this suit. And it is manifest that it was not necessary or proper to involve plaintiffs in a suit to settle appellant's right against the railway company. Once the items and amount of plaintiffs' account should be adjudicated in a suit to which all parties to be affected thereby were before the court nothing would remain for appellant to do except to enter in its account against the railway company the same items and to extend the prices according to the rate or rates provided for in its contract with the railway company. Its rights are legal rights, not equitable, and a court of law is fully competent to afford it all the relief to which it is entitled. What right then has appellant to file a cross-bill against plaintiffs or its co-defendant, the railway company?

Section 35, chapter 125, Code 1913, relied on by appellant, authorizes such cross-answer only where before the statute a cross-bill would have been proper. The matter of such cross-answer calling for affirmative relief against plaintiffs in the original bill or against a co-defendant, is to be treated in the same manner and to have the same effect as if alleged in a cross-bill. *Goff* v. *Price,* 42 W. Va. 384; 16 Cyc. 333, 334. And the rule of law respecting a cross-bill is that the subject matter thereof must be germane to the original bill; must be confined to the same matters as the original bill, and should not introduce a new and independent controversy not embraced in the original bill. 10 R. C. L. 485, section 263; 1 Hogg's Eq. Proc., section 193, p. 258; *Peters* v. *Case,* 62 W. Va. 33; 16 Cyc. 331, 332. And these authorities hold that as a cross-bill is limited to the subject matter of the original bill, and is generally in aid of the defense thereto, it cannot introduce new and distinct matters not embraced in the original bill, nor a controversy between co-defendants not necessary to a complete decree in the case made by the original bill. In the case here plaintiffs are in no way interested in the claim of The Vaughan Construction Company, of West

Virginia, with no lien on the railway company's property, nor is it necessary to the determination of their rights that there should be an adjudication of the rights of co-defendants; nor does the cross-bill answer of appellant present any grounds for relief that cannot be fully determined in a court of law. Allegations of a bill seeking relief in equity, which really amount to nothing more than pretexts for the exercise of jurisdiction, should be disregarded. *Prewett* v. *The Citizens National Bank,* 66 W. Va. 184. Nothing is presented by appellant's cross-answer which would give equity jurisdiction of the controversy between it and the railway company. It is not predicated on fraud, mistake, accounting, discovery, or on any other equitable ground, not relievable in a court of law, and in such cases the authorities say care should be taken that the relief prayed for in the cross-bill should be equitable relief. *West Virginia O. & O. L. Co.* v. *Vinal,* 14 W. Va. 637.

The railway company by cross assignments of error complains of the decree, that the court in addition to sustaining its demurrer to some of the items of plaintiffs' account should also have sustained the same as to other specified items thereof. We are of opinion that items in such an account are not properly reached by demurrer. The whole account constituted one cause of action, and one distinct lien upon the owner's property. Where the bill, by separate paragraphs, presents several distinct causes of action, and some of the claims are of such a character as to authorize no relief, those may be dismissed upon demurrer specifically pointing them out, but where some of the items only in a general account are controverted they are not properly reached by a demurrer, but are more properly disposed of on the merits. *Gay, Admr.* v. *Skeen,* 36 W. Va. 582.

As to the items, the demurrer to which was overruled, we cannot say as matter of law that they are not covered by the statute, and properly included in plaintiffs' account. It may turn out on proof that they are not. They are as follows: "Extra work, ordered by engrs—bills 1-2, 1, 581.12; Extra work, hauling east of Elmore, 5,209.00; Extra work, on slide Vaughan Shovel, 1,847.68; Extra work, old coal tipple,

3,232.04; Extra work, resloping and refinishing, 3,429.87.''
The ruling of the court below as to these items is sustained we
think by *Lunsford and Withrow & Co.* v. *Wren,* 64 W. Va.
459, and *W. Bateson & Co.* v. *Tool Co.,* 75 W. Va. 574.

The other cross-assignment of error of the railway company
is that on the state of the pleadings the court erred in the
absence of proof in referring the cause to a commissioner.
We think the answer of the railway company substantially
denies every material allegation of the bill, and no proof
having been taken thereafter to sustain the bill it was error
to refer the cause to a commissioner to enable plaintiffs to
make out their case. This rule is applicable to all kinds of
causes, including suits to enforce alleged liens against real
property. *Neely* v. *Jones,* 16 W. Va. 625; *Boggess* v. *Goff,*
47 W. Va. 139; *Goff* v. *McBee, Id.* 153; *Bank* v. *Parsons,* 42
W. Va. 138; 1 Hogg's Eq. Proc. section 628.

For this error in the decree the same must be reversed and
the cause remanded for further proceedings, and it will be
so ordered.

                                *Reversed and remanded.*